**JACK and JOAN HOLLAND, Plaintiffs**

**v.**

**HALECK'S ISLAND MOTORS, Defendant**

High Court of American Samoa
Trial Division

CA No. 95-89

May 16, 1990

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and OLO, Associate Judge.

Counsel: For Plaintiffs, Robert A. Dennison III
           For Defendant, John L. Ward II

On Motion for Leave to Amend:

       Plaintiffs, Jack and Joan Holland, filed action against the defendant, Haleck Island Motors, alleging the non-return of their vehicle, which was given over to defendant for repair work. They seek damages claiming a bailment and breach thereof as well as negligence on the part of defendant. At this time, plaintiffs seek leave to amend their complaint to add the Royal Insurance Company as a party defendant. The insurance company is said to be Haleck Island Motors' liability insurer. In support of their motion to add or join, plaintiffs invoke the direct action statute, A.S.C.A. § 29.1537. The enactment reads:

> On any policy of liability insurance, the injured person or his heirs or representatives has a right of direct action against the insurer within the terms and the limits of the policy, whether or not the policy of insurance sued upon was written or delivered in American Samoa, and whether or not the policy contains a provision forbidding direct action, provided that the cause of action arose in American Samoa. The action may be brought against the insurer alone, or against both the insured and insurer.

The Fono has further ensured that this direct action right applies irrespective of the insured's bankruptcy. *See* A.S.C.A. § 29.1538.

       On the other hand, the insurance company contends that the right of direct action provided under A.S.C.A. § 29.1537 is limited only to actions for "personal injuries or wrongful death," to the exclusion of actions for "property damage." The insurance company argues that the

statute is so limited because it talks about "injured persons." It further claims that the definition of "liability insurance" as found in A.S.C.A. § 29.1505(b) references only personal injury or wrongful death. A.S.C.A. § 29.1505(b) reads:

> (b) Liability insurance includes all insurance against loss or damage resulting from accident to, or injury, fatal or nonfatal, suffered by, any person, and for which the insurer is liable.

Thus, the company submits, "[f]or the right of direct action against an insurance carrier to arise, the *plaintiff* must be injured, not the plaintiff's property." (Emphasis in original.) Defendant's Memorandum of Points & Authorities at 2.

*Discussion*

For reasons given, we reject the insurance company's reading of the enactments as being unnecessarily restrictive. Firstly, we note that A.S.C.A. § 29.1537 is a statement of territorial public policy. The enactment provides the right to sue an insurer on any policy of liability insurance "whether or not the policy contains a provision forbidding direct action."[1] The statute must, therefore, be liberally construed so as to enhance its public policy purpose, namely, allowing direct actions on liability insurance policies. Furthermore, this statutory right of direct action is made available with respect to "any" policy of liability insurance. *See* A.S.C.A. § 29.1537. At the same time, we cannot agree with the insurance company's suggestion that the language of A.S.C.A. § 29.1505(b) does not admit property insurance coverage. In any event, the enactment does not attempt a comprehensive definition of "liability insurance." The definition includes certain named losses, it does not necessarily exclude all other losses from coming within its ambit.

---

[1]  Liability insurance policies customarily provide that no action shall lie against the company until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company. The principal reason for inserting the "no action" clause in policy forms was to require an adjudication of the tort action against the insured without involving the insurer as a party and thereby incurring the disadvantage of jury prejudice against insurers. R. Keeton, Insurance Law 534 § 7.11 (1971).

Finally, we simply cannot see any sensible basis for discriminating between personal injury causes and property damage causes in the context of direct actions against an insurer. What, for example, would be the social purpose achieved in requiring a plaintiff who has suffered both personal injuries and property damage in one accident to conduct two different law suits because he opts to invoke his rights under A.S.C.A. § 29.1537 or § 29.1538? There is none. In the context of compulsory automobile liability insurance --- A.S.C.A. §§ 22.2001 et seq. --- liability insurance encompasses both damages for personal injuries and property losses. *See* A.S.C.A. § 22.2003. The experience under this statutory scheme, which also provides a right of direct action, has yet to suggest any difficulty with allowing an insurer to be sued directly for both personal injury and property loss.

Motion granted. It is so Ordered.